NOT FOR PUBLICATION                                    (Doc. No. 26)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, | : : : : |
| Plaintiff, | : : |
| v. | Civil No. 10-3197 (RBK/KMW) : : **OPINION** |
| TRANSITIONS RECOVERY PROGRAM, et al., | : : : |
| Defendant. | : : |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of Transitions Recovery Program ("Defendant" or "Transitions") for reconsideration of this Court's June 5, 2011 Order denying Defendant's motion to dismiss. In the alternative, Defendant moves for certification of the issue of preemption for interlocutory appeal to the Third Circuit Court of Appeals. Because Defendant has not shown a clear error of law necessitating this Court's reconsideration, and because Defendant has not demonstrated that interlocutory review would materially advance the termination of this litigation, Defendant's motion is denied.

I.   BACKGROUND[1]

Plaintiff is a not-for-profit health service corporation that provides health coverage and benefits for its subscribers in New Jersey. Plaintiff authorizes the payment of subscribers' claims subject to the conditions, limitations, and exclusions contained in its health benefits plans.

---

[1] Because the facts underlying this case are established in detail in the Opinion accompanying this Court's June 10, 2011 Opinion denying Defendant's motion to dismiss ("Opinion"), the Court recites only the facts relevant to the instant motion.

1

Defendant is a drug and alcohol treatment center located in Florida, which provided treatment to subscribers of Plaintiff's health benefit plans, and submitted claims to Plaintiff for payment of that treatment. Plaintiff alleges that, between January 2002 and March 2008, Defendant submitted 8,652 claims to Plaintiff that contained diagnoses of alcohol dependency—a diagnosis whose treatment receives broader coverage from Plaintiff's plans than is afforded to treatment of other substance abuse dependencies and behavioral disorders. Plaintiff alleges that it conducted an audit of Defendant's records and concluded that Defendant misrepresented non-alcohol-related diagnoses as alcohol dependencies in order to receive Horizon's broader coverage.

Plaintiff's Complaint was filed in the Superior Court of New Jersey. Defendant removed the case to this Court, and moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). This Court denied Transitions's motion to dismiss, finding unavailing Defendant's argument that the issue is preempted by two provisions of the Employee Retirement Income Security Act of 1974 ("ERISA")—namely, § 502(a), ERISA's complete preemption provision, and § 514(a), the section of ERISA that provides for express preemption. Defendant now moves for reconsideration only of this Court's finding that Plaintiff's claim is not completely preempted by § 502(a).

**II.    STANDARD**

    **A. Motion for Reconsideration**

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. Church & Dwight Co. v. Abbott Labs., 545 F. Supp. 2d 447, 449 (D.N.J. 2008). That rule "permits a party to seek reconsideration by the Court of matters 'which [it] believes the Court has overlooked' when it ruled on a motion." NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 515 (D.N.J. 1996) (quoting local rule); see also United States v.

Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999) (noting that party seeking reconsideration must show "that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision"). "The standard of review involved in a motion for [reconsideration] is quite high, and therefore relief under this rule is granted very sparingly." United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)).

In order to prevail on a motion for reconsideration, the moving party must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Local Civil Rule 7.1(i) does not allow parties to restate arguments that the Court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).

**B. Certification for Interlocutory Appeal**

A litigant may apply for interlocutory review of an otherwise non-appealable district court order by petitioning the district court to certify its order to the appropriate appellate court pursuant to 28 U.S.C. § 1292(b).[2] To obtain certification, a movant must show that there is "a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b); Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974). Interlocutory appeal is meant to be used sparingly and only in exceptional cases where the interests cutting in favor of immediate appeal overcome the presumption against piecemeal

---

[2] If the district court certifies its order for interlocutory review, the litigant must apply for appellate review within ten days of the order's issuance. 28 U.S.C. § 1292(b). The court of appeals then has largely unfettered discretion to hear the appeal. See Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974) (observing that appellate court's discretion to grant leave to appeal may be as broad as that of Supreme Court on certiorari).

litigation. S.E.C. v. Lucent Techs., Inc., No. 04-2315, 2009 U.S. Dist. LEXIS 107098, 2009 WL 4508583, at *8 (D.N.J. Nov. 16, 2009); Hulmes v. Honda Motor Co., 936 F. Supp. 195, 208 (D.N.J. 1996) (citing 16 Charles A. Wright, et al., Federal Practice and Procedure § 3929, at 134 (1977)). Merely questioning a court's ruling is insufficient. Kapossy v. McGraw-Hill, Inc., 942 F. Supp. 996, 1001 (D.N.J. 1996). The district court may exercise considerable discretion in determining whether a particular order is appropriate for interlocutory review. See Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976); Katz, 496 F.2d at 754.

### III. DISCUSSION

#### A. Defendant Has Not Shown the Need to Correct a Clear Error of Law or Fact

Defendant bases its motion for reconsideration on "the need to correct a clear error of law or fact to prevent manifest injustice." See II.A supra. Specifically, Transitions argues that, "[i]n denying Transitions's motion to dismiss Horizon's state law claims, this Court made a clear error of law by ostensibly creating a bar to complete preemption under ERISA that has been universally rejected." Def. Br. in Support of Motion to Reconsider ("Def. Br. Mot."), 1.

In its Opinion denying Defendant's motion to dismiss, the Court determined that Horizon qualifies as a "fiduciary" for the purposes of § 502(a), and then went on to find that, because Plaintiff seeks money damages as the remedy for its fraud claim, Plaintiff cannot pursue its desired relief under ERISA's civil enforcement mechanism (§ 502(a)(3)), and therefore could not be completely preempted by ERISA. In arguing that "the Court should not have considered whether the ultimate relief being sought would be available under ERISA," Def. Br. 3, Transitions rearticulates an argument that the Court considered in its Opinion. See Op., Horizon Blue Cross Blue Shield of N.J. v. Transitions Recovery Program, 2011 U.S. Dist. LEXIS 62184 at *15 n.4 (June 10, 2011) (addressing the issue of whether claims for damages can be

4

completely preempted by § 502(a), and indicating that the Supreme Court has found that "§ 502(a)(3), by its terms, only allows for equitable relief (citing Great-West Life Annuity Ins. v. Knudson, 534 U.S. 204, 221 (2002))).

Thus Defendant now seeks to bolster the argument considered and dismissed by this Court in its Opinion. However, a motion for reconsideration is not a proper forum for such reargument. The case law defining the scope of motions for reconsideration in the District of New Jersey is clear: a party moving for reconsideration "must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Harris v. Rubin, 2012 U.S. Dist. LEXIS 2072 at *2-3 (D.N.J. Jan. 9, 2012) (quoting Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Tp., 996 F. Supp. 409, 442 (D.N.J. 1998)). The only controlling case that Defendant relies upon in its motion for reconsideration that was not addressed by the Court in its Opinion is Wood v. Prudential Insurance Company of America, 207 F.3d 674 (3d Cir. 2000). Wood is readily distinguishable from the instant case because the Wood plaintiff sought equitable relief for his ERISA claim. Id. at 676. Although Defendant correctly quotes the Third Circuit as stating that "[c]omplete preemption would be an empty doctrine if a plaintiff could plead his way into state court by seeking only money damages," Defendant fails to note that the Wood plaintiff sought money damages for his claim under the Americans with Disabilities Act, and equitable relief for his ERISA claim. Id. at 679. The Wood Court was faced with a situation wherein a complaint pleaded both a federal ERISA claim seeking the relief provided in § 502(a), and a state law cause of action for money damages that, the defendant argued, might have defeated federal jurisdiction.

Here, by contrast, jurisdiction is based upon diversity of the parties, pursuant to 28 U.S.C. § 1332; thus the Wood Court's concern that plaintiffs might dodge removal to federal court by

defeating ERISA preemption by attaching a state law action for money damages is irrelevant. Therefore, the Court has already examined and ruled about the relevant legal argument presented by Transitions, and the Court accordingly finds that the standard for reconsideration has not been met.

## B. Defendant Has Not Shown that Interlocutory Review Would Materially Advance the Ultimate Termination of This Litigation

Interlocutory appellate review of this decision would not materially advance the termination of this dispute, because even reversal by the Third Circuit would still leave Plaintiff's claim unresolved. As Plaintiff explains, "[c]ertification will not advance the termination of this matter because the controlling issue is whether Defendant's submission of claims constitutes fraud, an issue that must be decided regardless of whether Horizon seeks equitable or legal relief." Pl. Br., 7. Accordingly, Defendant has not made the requisite showing that the "exceptional" grant of interlocutory appeal is warranted in this case. SEC v. Lucent Techs., Inc., 2009 U.S. Dist. LEXIS 107098 at *28 (D.N.J. Nov. 16, 2009).

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration or, in the alternative, certification for interlocutory appeal, is **DENIED**. An accompanying Order shall issue today.

Date: 1/24/2012                              /s/ Robert B. Kugler
                                             ROBERT B. KUGLER
                                             United States District Judge